# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| J.S. HAREN COMPANY | § § | |
| V. | § § | CIV. ACTION NO. _____ |
| CITY OF CORPUS CHRISTI | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

J.S. HAREN COMPANY ("Plaintiff" or "JS Haren") makes and files Plaintiff's Original Complaint complaining of the CITY OF CORPUS CHRISTI ("CC" or "Defendant"). In support thereof, Plaintiff would respectfully show unto the Court the following:

## PARTIES

1. Plaintiff is a Tennessee limited liability company operating and doing business in Nueces County, Texas.

2. Defendant, the City of Corpus Christi is a resident of the State of Texas that may be properly served by and through its City Attorney, Miles Risley, at 1201 Leopard Street, Corpus Christi, Texas 78401.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the Defendant because it is a resident of Texas. In this regard, a city is deemed a citizen of the state in which it is located.[1] Thus, Defendant is a citizen of the State of Texas.

4. Plaintiff is a corporation. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of a State by which it has been incorporated and of the State where it

---

[1] *See J.A. Olson Co. v. City of Winona, Miss.*, 818 F.2d 401, 404 (5th Cir.1987).

has its principal place of business." Plaintiff's state of incorporation and principal place of business are as follows:

    a. State of Incorporation: Tennessee; and

    b. Principal Place of Business: 1175 Highway 11, Athens, Tennessee.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy in this action exceeds $75,000 (excluding costs and interest), and there is complete diversity of citizenship between the parties.

6. Venue is proper in this Court under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

7. Plaintiff and the Defendant entered into an Agreement on October 29, 2019 (the "Contract") relating to a project described as the Whitecap WWTP Odor Control and Bulkhead Rehabilitation – Project No. E10053 (the "Project").

8. Plaintiff contends that it has completed its responsibilities under the Contract but that Defendant materially breached the Contract.

9. Plaintiff contends that Defendant breached the Contract by improperly interfering with Defendant's work on the Project. Plaintiff further contends that the liquidated damage provision set forth in section 3.02 of the Contract is not valid or enforceable under Texas law, and an unbridgeable discrepancy exists between any actual damage to Defendant and the purported liquidated damages asserted. As such, Defendant has wrongfully withheld $165,807.31 from retainage that Defendant owes to the Plaintiff.

10. Defendant improperly calculated the Contract start date of the Project and improperly withheld $165,807.31 in alleged liquidated damages that is rightfully due and owing to Plaintiff.

8708022 v1 (72894.00002.000)

11. Plaintiff contends that Defendant mishandled conditions relating to an existing fence (resulted in lost calendar days of construction time and an additional $47,250.00 in payroll and equipment costs) and failed to properly review or consider alternative odor control equipment (i.e. the Pure Air equipment, which resulted in significant delay and an equipment cost increase of $99,171.00 and $82,000.00 of extended jobsite costs) (but CC only agreed to a change order for $17,791.00).

12. Plaintiff contends that Defendant further breached the Contract by failing to pay for agreed concrete pumping such that an existing gazebo would not need to be removed (cost of $2,647.00), failing to account for appropriate weather days, and failing timely make progress payments.

13. Plaintiff contends and believes that each of the actions and breaches of contract set forth in the paragraphs above caused JS Haren significant damage, far in excess of $75,000.00.

14. Whenever in this pleading it is alleged that the Defendant did any act or thing or failed to do any act or thing, it is meant that the Defendant either did or failed to do said act or thing or that Defendant's officers, agents, employees, servants, attorneys or other representatives did or failed to do such act or thing, and that at the time such act or thing was done or omitted, the act or omission was accomplished with the full authorization or ratification of the Defendant or was done or omitted in the normal or routine course and scope of employment of Defendant's officers, agents, employees, servants or other representatives or was done or omitted by an agent or sub-agent of the Defendant exercising implied and/or apparent authority, as those terms are understood under law.

## COUNT ONE - BREACH OF CONTRACT

15. Paragraphs 1-14 are incorporated herein as though fully restated verbatim.

16. Plaintiff says that Defendant materially breached the Contract causing Plaintiff significant damages. Defendant's breaches of the Contract include, but are not limited to the following: failing to pay amounts due and owing to Plaintiff; improperly interfering with Plaintiff's work on the Project; improperly calculating the start date on the Project; wrongfully withholding retainage based upon an improper, unenforceable liquidated damages clause; failing to review or consider alternative equipment and appropriate change orders; failure to pay for agreed work; failing to account for appropriate weather days; and failing to timely make progress payments. Defendant's breach of the Contract has caused Plaintiff to suffer damages in excess of the minimal jurisdictional limits of this Court.

## ATTORNEY'S FEES

17. Paragraphs 1-16 are incorporated herein as though fully restated verbatim.

18. Plaintiff says that it is entitled to and seeks to recover all reasonable attorney's fees incurred in the presentation and prosecution of this matter as provided under Chapter 38 of the Texas Civil Practice & Remedies Code as well as other applicable Texas law. Plaintiff would further allege that it is entitled to attorney's fees pursuant to the Contract.

## CONDITIONS PRECEDENT

19. Paragraphs 1-18 are incorporated herein as though fully restated verbatim.

20. Plaintiff says that it has satisfied all conditions precedent and/or other necessary obligations prior to filing this lawsuit. This includes, but is not limited to, written notice from Plaintiff of Defendant's default.

## DAMAGES

21. Paragraphs 1-20 are incorporated herein as though fully restated verbatim.

22. Plaintiff would show that it has sustained and will continue to sustain substantial monetary damages in connection with Defendant's wrongful conduct as detailed above. This

includes all actual and consequential damages incurred by the Plaintiff by reason of Defendant's actions, including recovery of in excess of $75,000, which includes $165,807.31 in alleged liquidated damages that is rightfully due and owing to Plaintiff but has been wrongfully withheld as a result of alleged liquidated damages as well as any other damages incurred or obligations due under the Contract. Plaintiff further seeks recovery of pre and post-judgment interest at the maximum rate allowed under Texas law and the Contract as well as attorneys' fees as set forth in Paragraph 17 above.

WHEREFORE, PREMISES CONSIDERED, J.S. HAREN COMPANY requests that the City of Corpus Christi be cited to appear and answer and that, upon trial, that a judgment be entered in favor of J.S. HAREN COMPANY for the following:

a. Its actual damages;

b. Pre- and post-judgment interest as allowed by law;

c. Its reasonable attorneys' fees;

d. Costs of court; and

e. Such other and further relief to which Plaintiff may show itself to be entitled.

|  |  |
|---|---|
| | Respectfully submitted, |
| November 9, 2021 | KANE RUSSELL COLEMAN LOGAN PC |
| | By: */s/ David R. Thrasher* |
| | David R. Thrasher |
| | State Bar No. 24027922 |
| | dthrasher@krcl.com |
| | L. Alexandra Beverly |
| | State Bar No. 24109644 |
| | abeverly@krcl.com |
| | 5051 Westheimer Road, 10th Floor |
| | Houston, Texas 77056 |
| | (713) 425-7400 Phone |
| | (713) 425-7700 Facsimile |
| | ATTORNEYS FOR PLAINTIFF, J.S. HAREN COMPANY |